IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE G. KILGORE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1049-JDT-egb |
| | ) | |
| HENRY STEWARD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO TRANSFER AND
GRANTING MOTION TO AMEND

On February 19, 2015, George K. Kilgore, II, a Tennessee Department of Correction prisoner incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Middle District of Tennessee. (ECF No. 1.) United States District Judge William J. Haynes, Jr. issued an order on March 9, 2015, in which he granted leave to proceed *in forma pauperis* and assessed the filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Judge Haynes also transferred the case to this district (*id.* at 2-3), where it was opened on March 10, 2015 (ECF No. 6). The case is presently undergoing screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

On June 22, 2015, Plaintiff filed a motion requesting the Court to issue an order directing TDOC to transfer him from the NWCX to either the Lois M. Deberry Special

Needs Facility ("SPND") or the Riverbend Maximum Security Institution ("RMSI"). (ECF No. 11.) Plaintiff asserts that he is being subjected to retaliation and discrimination and is being harassed and threatened by NWCX prison officials because of his prior litigation against them, as well as denied medical care and treatment.

Plaintiff's motion for a transfer is DENIED. Even if Plaintiff were to establish that Defendants were retaliating against him, harassing him, or depriving him medical treatment, it does not follow that the appropriate remedy would be a transfer to another facility. *See*, *e.g., Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (recognizing that an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State); *Branham v. Grinage*, No. 88-1611, 1989 WL 11070, at *1 (6th Cir. Feb. 10, 1989); *Christian v. Mich. Dep't of Corr.—Health Servs.*, No. 12-12936, 2013 WL 607783, at *3 n.3 (E.D. Mich. Jan. 28, 2013) (report and recommendation), *adopted*, 2013 WL 607779 (E.D. Mich. Feb. 19, 2013).

On December 14, 2015, Plaintiff also filed a motion to amend the complaint to add several more defendants to his retaliation claim. (ECF No. 13.) Plaintiff is entitled to amend his complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Therefore, the motion to amend is GRANTED. In a separate order, the Court will screen the additional allegations in the amendment along with those in the original complaint.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE